UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHERYL LYNN FENELON    *     CIVIL ACTION
BARBARA ANN JACKSON

VERSUS         *     NO: 06-1408

GEORGE DEAN, ET AL     *     SECTION: "D"(4)

<u>ORDER AND REASONS</u>

Before the court are the following motions:

(1) **"Motion to Remand"** filed by Plaintiff, Barbara Ann
Jackson. Defendant, Herschel C. Adcock, Jr., filed
a memorandum in opposition; and

(2) **"Motion to Dismiss for Failure to State a Claim
Upon Which Relief Can Be Granted Pursuant to
F.R.C.P. 12(b)(6)"** filed by Defendants, George Dean
and the Federal Home Loan Mortgage Corporation. <u>*No*
*memorandum in opposition to this motion was filed.*</u>

The motions were set for hearing on Wednesday, June 28, 2006,
on which date the court heard oral argument from Plaintiff, Barbara
Ann Jackson, appearing *pro se;*[1] and Paul Rumage, Jr., counsel for
Defendant Herschel Adcock. Benjamin Dean, counsel for Defendants

---

[1]    Plaintiff requested oral argument on her Motion to Remand.

George Dean and the Federal Home Loan Mortgage Corporation (Freddie Mac), also appeared but did not have the opportunity to argue. Now, having considered the memoranda and argument of the parties, the record, and the applicable law, the court rules as follows.

**(1)  Plaintiff's Motion to Remand**

Plaintiff argues that this matter should be remanded because: (a) when this matter was removed from state court, Freddie Mac had not been served; (b) Freddie Mac is not a federal agency and thus there is no federal question jurisdiction; and (c) there is no diversity jurisdiction because all of the served Defendants are residents of Louisiana.

The court finds that Plaintiff's arguments are misplaced. In Paragraph 5 of here state court petition, Plaintiff claims: "The United States Constitution Amendment XIV §§ 1, and the Louisiana Constitution Article 1 §§ 2 entitles a property owner to annul a wrongful property sale." (*See* Paragraph 5 of Plaintiff's Petition attached to Notice of Removal). The court finds that this claim as asserted in Plaintiff's petition vests this court with federal question jurisdiction, and Plaintiff's petition was properly removed from state court on this basis.[2]

---

[2]      At the time of removal, Defendant Freddie Mac had not been served. After removal, Freddie Mac (and George Dean) filed their Motion to Dismiss for Failure to State a Claim.  By filing this motion, Freddie Mac waived requirements for service.  (At oral argument, the court erroneously commented that an Answer had been filed by these Defendants, when in fact, these Defendants had instead filed a Motion to Dismiss for Failure to State a Claim.

The court also notes that pursuant to 12 U.S.C. §1452 (f),

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand** be and is hereby **DENIED**.[3]

**(2)  "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to F.R.C.P. 12(b)(6)" filed by Defendants, George Dean and the Federal Home Loan Mortgage Corporation.**

In their "Petition for Conversion, To Set Aside Sale," Plaintiffs allege that their property (i.e., located at 4968 Lurline Street, New Orleans, Louisiana) was wrongfully seized and sold, and as a result, Plaintiffs have a right to annul the sale of their property, and thus are entitled to damages.  Plaintiffs name

---

Notwithstanding section 1349 of Title 28 or any other provision of law, (1) **the Corporation [i.e., Freddie Mac] shall be deemed to be an agency** included in sections 1345 and 1442 of such Title 28; (2) all civil actions to which the Corporation is a party shall be deemed to **arise under the laws of the United states, and the district courts of the United States shall have jurisdiction of all such actions**, without regard to amount or value; and (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending ..., by following any procedure for removal of causes in effect at the time of such removal.

12 U.S.C. §1452(f). (emphasis added)

[3]    Following argument on Plaintiff's Motion to Remand, the court recessed.

as Defendants:  George Dean; the Federal Home Loan Mortgage Corporation; and Herschel Adcock, Jr.[4]

Defendants, the Federal Home Loan Mortgage Corporation ("the Corporation") and George Dean, now move for dismissal of Plaintiffs' claims against them.   Further, Defendant Herschel Adcock, Jr. has filed a Motion for Summary Judgment which is set for hearing on Wednesday, July 5, 2006.

When this case was removed from state court (on March 17, 2006), jurisdiction vested with this court.   After removal (on March 27, 2006) Plaintiff apparently unaware that this matter had been removed, filed in state court an amended and supplemental petition naming two additional Defendants, Neisha Lang and Dale Atkins.   However, that amended and supplemental petition is not a part of *this* court's record.[5]   Nevertheless, the court will grant Plaintiff leave to file her amended and supplemental complaint in this court, but she must file her Motion for Leave with her amended and supplemental complaint no later than ***12:00 noon on Friday, July 14, 2006***.[6]   Thereafter, any party electing to file a motion in

---

[4]    Defendant Adcock has filed a Motion for Summary Judgment which is set for hearing on July 5, 2006.

[5]    While Plaintiff's amended and supplemental petition is not a part of this court's record, the court notes that Defendant Dale Atkins has filed a Motion for Additional Time in Which to Plead (which the court will have filed into the record unsigned) and a Motion for More Definite Statement, which while set for hearing before Magistrate Judge Shushan on June 28, 2006, will be dismissed.

[6]    Should Plaintiff fail to file her Motion for Leave with her amended and supplemental complaint by 12:00 noon on Friday, July 14, 2006, the court will rule on the "Motion to Dismiss for Failure to State a Claim " filed

response to Plaintiff's amended and supplemental complaint must do so by ***Tuesday, August 1, 2006,*** and ***set that motion for hearing on Wednesday, August 16, 2006***.

The court further **CONTINUES** the hearing of the **"Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to F.R.C.P. 12(b)(6)"** filed by Defendants, George Dean and the Federal Home Loan Mortgage Corporation, from Wednesday, June 28, 2006 to ***Wednesday, August 16, 2006***. Any supplemental memorandum and exhibits in support of Defendants' motion to dismiss, that Defendants may elect to file in response to any amended and supplemental complaint, must be filed by ***Tuesday, August 1, 2006***. Plaintiff must file her memorandum in opposition to Defendants' motion to dismiss by ***Tuesday, August 8, 2006***. The motion will be decided on the briefs, without oral argument.

The court further **CONTINUES** the hearing of Defendant Adcock's **"Motion for Summary Judgment"** from Wednesday, July 5, 2006 to ***Wednesday, August 16, 2006***. Any supplemental memorandum and exhibits in support of this Motion for Summary Judgment, that Defendant Adcock elects to file, must be filed by ***Tuesday, August 1, 2006***. Plaintiff must file her memorandum in opposition to Defendant Adcock's Motion for Summary Judgment by ***Tuesday, August 8, 2006***. The motion will be decided on the briefs, without oral

---

by Defendants George Dean and Freddie Mac, and the "Motion for Summary Judgment" filed by Defendant Adcock, forthwith and only as they seek to dismiss claims asserted in Plaintiff's original petition. Further, the motions will be decided on the briefs, without oral argument.

5

argument.

The court instructs all parties that arguments made in support or in opposition to any motion must be supported with **competent evidence** (such as an affidavit of a party), and not merely by unsupported statements contained in a memorandum.

Because the record generally reflects that various parties have complained that they have not received pleadings in a timely fashion from other parties, the court is herewith requiring that all parties serve further pleadings on the opposing side by both facsimile transmission (fax) and by United States mail on the same day.  The court specifically **ORDERS** Plaintiff to fax copies of her future pleadings to opposing counsel at following fax numbers:[7]

Mr. Paul Rumage      @   **Fax # 225-756-5311**

Mr. Benjamin Dean    @   **Fax # 318-322-0887**

At oral argument on Plaintiff's Motion to Remand, Ms. Jackson advised the court that she did not have a fax number, but the court notes that in Paragraph 71 of original petition, Plaintiff states: "the plaintiffs certify to the court that the defendants have been notified via facsimile transmission of this temporary restraining order has been requested by the plaintiffs."  Upon Plaintiff furnishing a fax number to the court and opposing counsel, the court will enter an order instructing opposing counsel to likewise fax their respective future pleadings to Plaintiff in addition to

---

[7]     While pleadings must be faxed to opposing parties, they must also be sent to opposing counsel by U.S. mail on the same day.

service by United States mail.[8]

Finally, the court reiterates its cautionary warnings made to Plaintiff at oral argument.  The court will not tolerate scandalous comments by any party, including Plaintiff who appears *pro se*, in any pleading sent to the court or opposing counsel.  If any party, including Plaintiff, files any further pleading that contains scandalous comments, he or she does so at the risk of Rule 11 monetary sanctions, and/or the risk of having the entire document stricken, and/or the risk of dismissal of this suit; and/or the risk of having an order issued to the clerk's office to stop accepting for filing further pleadings from the offending party.

New Orleans, Louisiana, this **28th** day of **June**, **2006**.

_A.J. McNamara_
A.J. MCNAMARA
UNITED STATES DISTRICT JUDGE

---

[8]    While pleadings must be faxed to Plaintiff (upon Plaintiff furnishing the court and opposing counsel with a fax number), they must also be sent to Plaintiff by U.S. mail on the same day.